IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DOLLAR TREE STORES, INC., )
)
    Plaintiff, )
)
v. ) CASE NO. CV413-148
)
THE HINESVILLE GROUP, LLC, )
)
    Defendant. )
)

## O R D E R

Before the Court is Defendant's Motion to Dismiss (Doc. 12), to which Plaintiff has filed a response (Doc. 17). For the reasons that follow, Defendant's motion is **GRANTED**. Accordingly, all pending motions in this case are **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

## BACKGROUND

On August 28, 2006, Plaintiff entered into a lease agreement with Defendant to rent certain retail space located in a shopping center owned by Defendant.[1] (Doc. 1 ¶ 6.) The lease contained a "Co-Tenancy" provision by which Plaintiff would be permitted to pay a reduced amount of rent if another Tenant, in this case, Bealls, vacated

---

[1] For the purposes of Defendant's motion to dismiss, Plaintiff's allegations, as set forth in its amended complaint, will be taken as true. See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009).

its leased premises or ceased operations at the shopping center. This reduction in rent would remain in place until a similar tenant took its place. (Id. ¶¶ 7-10.) In December 2011, Bealls vacated its leased premises at the shopping center. (Id. ¶ 12.) Consequently, Plaintiff began paying the reduced rent agreed upon in the lease. (Id. ¶ 13.)

On May 10, 2012, Defendant sent correspondence to Plaintiff claiming it had cured the Co-Tenancy provision as of November 1, 2012 and that Plaintiff was required to pay full rent from that point forward. (Id. ¶¶ 14, 16.) In its correspondence, Defendant identified two new tenants—Integrated Disability Evaluation System Care Center and Pet Sense Pet Center—that had together taken over the space formerly occupied by Bealls. (Id. ¶¶ 18-21.) Both parties exchanged correspondence arguing over whether the arrival of the new tenants satisfactorily cured the Co-Tenancy provision of the lease and whether any past rent was due. (Id. ¶¶ 24-27.)

On June 20, 2013, Defendant filed a complaint in the Superior Court of Liberty County, Georgia seeking a writ of dispossession against Plaintiff. (CV413-154, Doc. 1, Ex. F at 70-73.) On June 21, 2013, Plaintiff filed this action

for declaratory judgment as to whether the Co-Tenancy provision of the lease had been cured and whether Defendant had waived its rights to any unpaid rent amounts before its May 10, 2012 correspondence. (Doc. 1.) On June 25, 2013, Plaintiff removed the related case to this Court claiming diversity jurisdiction under 28 U.S.C. § 1332(a). (CV413-154, Doc. 1.) Defendant subsequently filed its Motion to Dismiss or Stay pending remand of the related case to state court. (Doc. 12.) On March 21, 2014, this Court remanded the related case back to state court. (CV413-154, Doc. 52.)

## ANALYSIS

Defendant argues that, while the Court's jurisdiction over this matter is permissible under 28 U.S.C. § 2201, it should nonetheless decline to hear this case because the same factual issues will be properly determined in the parties' pending state court dispossessory action. (Doc. 13 at 3.) Plaintiff responds that because it has removed the dispossessory action to federal court in the related case, there is no parallel state action with which this case could potentially interfere. (Doc. 17 at 7-8.) However, as stated above, on March 21, 2014 this Court remanded the related case for lack of federal subject

3

matter jurisdiction. (CV413-154, Doc. 52.) Accordingly, Plaintiff's arguments on this matter are moot.

Because there is a parallel proceeding in state court, the Court must determine whether to dismiss this case to avoid "gratuitous interference" with that action. Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942). As both parties correctly indicate in their briefs, the Court will look at the nine factors the Eleventh Circuit Court of Appeals identified in Ameritas Variable Life Ins. Co. v. Roach as a guide on the matter. 411 F.3d 1328 (11th Cir. 2005). These factors are as follows:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (2) whether the judgment in the federal declaratory action would settle the controversy;
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
> (6) whether there is an alternative remedy that is better or more effective;
> (7) whether the underlying factual issues are important to an informed resolution of the case;

4

>(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Id. at 1331.

With regard to the first factor, Defendant argues that Georgia has a strong interest in having its courts decide an action involving only Georgia law. (Doc. 13 at 4.) Plaintiff responds that the "state interest" factor refers more to public policy and interpretation of state law and has little effect on a purely contractual dispute. (Doc. 17 at 9.) The Court agrees with Plaintiff. Although Georgia law is at issue in this case, there are no novel interpretive questions of law that would be better handled in state court. Accordingly, this factor does not weigh in favor of dismissal.

Both parties agree that the second factor does not weigh in favor of dismissal (Doc. 13 at 4; Doc. 17 at 9.)

With regard to the third factor, Defendant argues that because the same issues will be settled in state court, there is no useful purpose to this declaratory judgment action. (Doc. 13 at 5.) Defendant responds that because

5

there is no pending action in state court, a declaratory judgment by this court would serve a useful purpose. (Doc. 17 at 9-10.) However, as stated above, this Court has remanded the related case back to state court for further proceedings. Accordingly, because the factual issues of this matter will be settled by a state court, the Court sees no utility in making an independent determination on these issues. Therefore, this factor weighs in favor of dismissal.

With regard to the fourth factor, Defendant argues that Plaintiff is using this action, as well as the removal of the related case to federal court, to achieve a federal hearing on a matter otherwise irremovable. (Doc. 13 at 5.) Plaintiff responds that its efforts to litigate this matter in federal court are a response to Defendant's own "procedural fencing" to keep this case in state court. (Doc. 17 at 10.) However, because the Court has already determined that the related case was not properly removable, Plaintiff's arguments are without merit. Plaintiff filed this case only after Defendant filed its dispossessory action in state court and has endeavored to eliminate the parallel state proceeding simply to avoid

litigating there. Accordingly, this factor weighs in favor of dismissal.

With regard to the fifth and sixth factors, Defendant argues that this Court should decline to retain jurisdiction to avoid friction with the pending state court dispossessory action involving the same contract dispute. (Doc. 13 at 5.) Defendant further argues that the pending state court action is a better and more effective alternative to litigation in this court because it will eliminate the inefficiencies inherent in litigating two virtually identical actions. (Id.) Plaintiff responds that the dispossessory action is not before the state court, that it is not a "mere dispossessory action," and that the parties have already made forward progress in this litigation. (Doc. 17 at 11.) Again, the Court found it did not have subject matter jurisdiction over the related case and remanded it to state court. Because that action will decide all the factual issues involved in this case, these factors weigh in favor of dismissal.

Both parties agree that the seventh factor does not weigh in favor of dismissal. (Doc. 13 at 6; Doc. 17 at 12.)

With regard to the eighth factor, Defendant argues that because the state court is only minutes away from leased premises at issue in this action, it is in a better position to evaluate the factual issues of this case. (Doc. 13 at 6.) Plaintiff responds that the issues involved in this case are matters of contract law and the location of the state court is inconsequential. (Doc. 17 at 12.) The Court agrees with Plaintiff that the geographic proximity between the property in question and the state court is not of great concern. The fact that there are no factual issues or parties present in this case that do not exist in the state court action, however, illustrates that the state court is the more appropriate arena for the dispute. Accordingly, this factor weighs in favor of dismissal.

With regard to the ninth factor, Defendant argues that there are no federal laws at issue in this case and thus no compelling reason for the Court to retain jurisdiction over it. (Doc. 13 at 6.) Defendant responds that, although there are no federal laws at issue in this case, there are also no novel question of state law that should preclude this Court from retaining jurisdiction. (Doc. 17 at 12-13.) Given that this is a fairly straight-forward contract

dispute involving settled questions of state law, the Court finds that this factor has no bearing on its analysis.

While the first, second and seventh factors do not weigh in favor of dismissal, the rest of the factors—except the ninth—overwhelmingly illustrate that the Superior Court of Liberty County, Georgia is the best forum in which to continue this dispute. To permit the litigation of this matter in federal court while a state action involving all the same factual issues and parties is pending would amount to improper interference with the state court. Brillhart, 316 U.S. at 495. Accordingly, the Court declines to retain jurisdiction over this matter pursuant to 28 U.S.C. § 2201(a) and dismissal is proper.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 13.) is **GRANTED**. Accordingly, all pending motions in this case are **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 26th day of March 2014.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA